## Bellows *v.* McCartee.

P. conveyed land to W., and W. conveyed to M., taking a mortgage back for the purchase money.—*Held*, that M.'s written admission that he was tenant at will to W., and W.'s release of covenants of warranty to P., rendered the latter a competent witness in an action against M. to recover the land.

The statute of betterments, N. H. Laws 74, requires possession and improvement for more than six years before the bringing of the action, but the acts of possession may be performed through the agency of others, and need not be such as actually result in making the land better.

Writ of Entry, dated on the 26th day of October, 1841, and brought to recover 2000 acres of land in this county.

Plea, the general issue, with a claim for betterments on lots No. 1 and 2, in the second division of lots in Pinkham's Grant, so called, part of the demanded premises.

It appeared from the tenant's evidence that in the latter part of the year 1833, Daniel Pinkham, who claimed the demanded premises under a deed from the State, made an agreement with one Emery, by which the latter was to have the lot No. 1, upon paying Pinkham $100 for it, by his labor upon the road through the lots. Pinkham testified that in the summer of 1834, Emery felled the trees on a piece less than an acre, and, being a person of unsteady habits, abandoned his contract and went away, having, either in the year 1834 or 1835, cut up the small brush, and burned it on the piece on which he had chopped the trees.

It was in evidence that there was a saw-mill on the premises, and a witness for the tenant testified that he was there in the summer of 1836 ; that none of the land was then cleared, but some of the trees were felled on about an acre of land, ten or twelve rods from the mill, on the opposite side of the road, and that there was no clearing around the mill, nor were the trees felled there ; that there was then no house upon the land, and that the house now there does not stand upon the piece of land on which Emery felled the trees in the year 1834.

Another witness for the tenant testified that in the year 1836 he was there, and that a part of the Emery opening had been cleared off, except the large timber, and that in the year 1835 he was there, and there were no fences on the land.

The tenant also showed that the mud-sills of the dam. of the saw-mill were laid quite late in the fall of 1835—so late that haste was made to get them done before the ground should freeze. A witness for the tenant testified that in 1836 some timber had been bedded across the stream, for the dam, but not at the place where the dam

now is, and that the mill was erected in the year 1838. The former dam was twelve or fifteen rods from the present one. There was evidence that since the year 1836 improvements had been gradually made on the premises, by the erection of buildings, &c.

The court ruled that this evidence did not show such an actual improvement of the premises for more than six years before the commencement of the action, as would entitle the tenant to the increased value of the premises by reason of the buildings and improvements.

It appeared that Daniel Pinkham conveyed the premises, (lots No. 1 and 2) to Sarah Wentworth, by deed of warranty, on the 28th day of February, 1839. On the 25th day of November, 1839, Wm. G. Wentworth, the husband of Sarah Wentworth, conveyed the premises, by deed of warranty, to the tenant, and his wife released her dower, and on the same day the tenant conveyed the same premises to Wentworth in fee and in mortgage.

The tenant then offered a release and admission by himself, dated November 10, 1843, that he held the land as tenant at sufferance to Wentworth, and then a discharge and release from Wentworth and wife to Pinkham, dated November 10, 1845, to qualify him as a witness; and he was admitted to testify, the demandant objecting.

A verdict was taken for the demandant, subject to the opinion of the court upon the foregoing case.

*Williams* and *Fletcher*, for the tenant.

*Bellows*, for the demandant.

GILCHRIST, J. The tenant derived all the claim that he had to the demanded premises from the deed which Wentworth gave him; and he had mortgaged the land to Wentworth, who, it appears, had given the tenant a lease. The fact which it became necessary to show was, that the

tenant no longer claimed possession in his own right as of fee, and that his possession was that of Wentworth.

For any thing that the conveyances disclosed it might have been otherwise, since the deed which the tenant had given to Wentworth was a defeasible one.

The admission of the tenant that he was a mere tenant at will to Wentworth, appears to have been as available in the hands of Wentworth as any other writing that could have been executed, showing that relation, or establishing it. Wentworth, therefore, was competent to release Pinkham from his covenants, so as to enable him to testify.

The statute entitles to compensation for betterments, to be assessed by the jury, any party who shall, six years before the commencement of the suit, have been in the peaceable possession and improvement of the land, under a *bona fide* purchase, or who, having been in possession under such circumstances for a less time, derives his title from one whose term of possession, under a like purchase, shall, with that of the occupant, amount to six years.

The statute renders it immaterial to inquire whether the buildings and improvements are made before or after the commencement of the term of six years; but it is essential that there should have been, during all that term, an actual possession and improvement, or use, whether the land be made better thereby or not.

The first act of possession was by Pinkham, claiming under the State, who, by the agency of Emery, in 1834, made an entry, which proved unavailing for the purposes for which it was made, by reason of the inefficiency of the agent employed. How long Emery actually prosecuted his work does not appear, but in the autumn of 1835 work was going on; and it also appeared that during the summer of that year a witness, who was upon the land, perceived that a part of the land where Emery had felled the year before, had been cleared since.

We think that these facts might well have been submitted to the jury, as evidence of the possession and improvement required by the statute; which does not appear to be an improvement in that sense in which the word is used in the sequel of the statute authorizing improvements to be valued in connection with the buildings, under the provision entitling the occupant to a remuneration for what he has expended.

The verdict must, for the error of the court in this particular, be set aside and a

*New trial granted.*